**LORI HARPER SUEK**
Assistant U.S. Attorney
U.S. Attorney's Office
James F. Battin U.S. Courthouse
2601 Second Avenue North, Ste. 3200
Billings, Montana 59101
Phone:    (406) 657-6101
FAX:      (406) 657-6989
Email:    Lori.Suek@usdoj.gov

ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA

**FILED**

MAR - 9 2018

Clerk, U S District Court
District Of Montana
Billings

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BILLINGS DIVISION

| UNITED STATES OF AMERICA, | CR 16-107-BLG-SPW |
|---|---|
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| JONARY DAVID SANTOS-ANTUNEZ, | |
| Defendant. | |

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, represented by Lori Harper Suek, Assistant United States Attorney for the District of Montana, and the defendant, Jonary David Santos-Antunez, and the defendant's attorney, Palmer A. Hoovestal, have agreed upon the following:



AUSA  DEF  ATTY  Date



ORIGINAL

Page 1

1.  **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and the defendant. It does not bind any other federal, state, or local prosecuting, administrative, or regulatory authority, or the United States Probation Office.

2.  **Charges:** The defendant agrees to plead guilty to count I of the indictment. Count I charges the crime of conspiracy to possess with intent to distribute and distribute methamphetamine in violation of 21 U.S.C. § 846. This offense carries a maximum punishment of ten years to life imprisonment, a $10,000,000 fine, at least five years of supervised release, and a $100 special assessment.

At the time of sentencing, if the Court accepts this plea agreement, the United States will move to dismiss counts II and IX of the indictment.

3.  **Nature of the Agreement:** The parties agree that this plea agreement will be governed by Rules 11(c)(1)(A) and (B), *Federal Rules of Criminal Procedure*. The defendant acknowledges that the agreement will be fulfilled provided the United States: a) moves to dismiss, and the Court agrees to dismiss, counts II and IX of the indictment and does not pursue other charges against the defendant; and b) makes the recommendations provided below. The defendant understands that if the Court accepts the agreement, and counts II and IX are

dismissed, there will not be an automatic right to withdraw the plea even if the Court does not accept or follow the recommendations made by the United States.

4. **Admission of Guilt:** The defendant will plead guilty because the defendant is guilty of the charge contained in count I of the indictment. In pleading guilty, the defendant acknowledges that beginning in or about 2014, and continuing until on or about October 13, 2016, at Billings, Lockwood, Crow Agency, and other locations in the State and District of Montana, and elsewhere, the defendants, JONARY DAVID SANTOS-ANTUNEZ, Kevin Torres-Ochoa, Joshua Lee Hagen, Tomi Leah Gray, Mary Rock Big Man, Jason Earl Nelson, Christina Kamran-Kohnjani, Marisa Ann Lyman and Sadey Kust-Myers, together and with others both known and unknown to the Grand Jury, knowingly and unlawfully conspired and agreed to possess with the intent to distribute, and to distribute, in violation of 21 U.S.C. § 841(a)(1), a substance containing a detectable amount methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

Defendants JONARY DAVID SANTOS-ANTUNEZ, Kevin Torres-Ochoa, Joshua Lee Hagen, Tomi Leah Gray, and Mary Rock Big Man knew that the object of the conspiracy involved 500 or more grams of a substance containing a detectable amount of methamphetamine and reasonably could have foreseen that

conspiracy involved 500 or more grams of a substance containing a detectable amount of methamphetamine.

The elements of the offense of conspiracy to possess with intent to distribute and distribute methamphetamine are:

First, during the time period specified in the indictment, there was an agreement between two or more persons to commit at least one crime as charged in the indictment; and

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it.

Although not an element, the United States would also have to prove beyond a reasonable doubt that the conspiracy contemplated the distribution of 500 or more grams of a substance containing a detectable amount of methamphetamine, and that amount:

> (1) fell within the scope of defendant's agreement with the coconspirators, or
>
> (2) was reasonably foreseeable to the defendant.

5. **Waiver of Rights by Plea:**

(a) The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement given under oath during the plea colloquy.

AUSA   DEF   ATTY   Date                                           Page 4

(b) The defendant has the right to plead not guilty or to persist in a plea of not guilty.

(c) The defendant has the right to a jury trial unless, by written waiver, the defendant consents to a non-jury trial. The United States must also consent and the Court must approve a non-jury trial.

(d) The defendant has the right to be represented by counsel and, if necessary, have the Court appoint counsel at trial and at every other stage of these proceedings.

(e) If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random. The defendant and the defendant's attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, and that it could not convict unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all of the evidence, whether or not the judge was persuaded of the defendant's guilt beyond a reasonable doubt.

(g) At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against the defendant. The defendant would be able to confront those government witnesses and the defendant's attorney would be able to cross-examine them. In turn, the defendant could present witnesses and other evidence. If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the Court.

(h) At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from the refusal to testify. Or the defendant could exercise the choice to testify.

(i) If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to appeal the conviction to the Ninth Circuit Court of Appeals for review to determine if any errors were made that would entitle the defendant to reversal of the conviction.

(j) The defendant has a right to have the district court conduct the change of plea hearing required by Rule 11, Federal Rules of Criminal Procedure. By execution of this agreement, the defendant waives that right and agrees to hold that hearing before, and allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate Judge, if necessary.

(k) If convicted in this matter, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

The defendant understands that by pleading guilty pursuant to this agreement, the defendant is waiving all of the rights set forth in this paragraph. The defendant's attorney has explained those rights and the consequences of waiving those rights.

**6. Recommendations:** The United States will recommend the defendant's offense level be decreased by two levels for acceptance of responsibility, pursuant to USSG §3E1.1(a), unless the defendant is found to have obstructed justice prior to sentencing, pursuant to USSG §3C1.1, or acted in any way inconsistent with acceptance of responsibility. The United States will move for an additional one-level reduction, pursuant to USSG §3E1.1(b), if appropriate under the Guidelines.

Additionally, the United States will recommend that the defendant not receive a role adjustment under USSG §3B1.1.

The parties reserve the right to make any other arguments at the time of sentencing. The defendant understands that the Court is not bound by this recommendation.

AUSA   DEF   ATTY   Date                                    Page 7

7.  **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.  **Appeal Waiver:** The defendant understands that the law provides a right to appeal and collaterally attack the sentence imposed in this case. 18 U.S.C. § 3742(a). By this agreement, the defendant waives the right to appeal any aspect of the sentence, including conditions of probation or supervised release, and waives the right to raise on appeal or on collateral review any argument that (1) the statute to which the defendant is pleading guilty is unconstitutional and (2) the admitted conduct does not fall within the scope of the statute.

The defendant also waives the right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit the right to pursue an action alleging ineffective assistance of counsel.

9.  **Voluntary Plea:** The defendant and the defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and that the parties freely and voluntarily endorse this agreement.

10. **Detention/Release After Plea:** Pursuant to 18 U.S.C. § 3143(a)(2), the defendant acknowledges that the defendant will be detained upon conviction unless (A)(i) the Court finds there is a substantial likelihood that a motion for

AUSA  DEF  ATTY  Date                                                  Page 8

acquittal or new trial will be granted or (ii) this agreement provides that the United States will recommend that no sentence of imprisonment be imposed and (B) the Court finds, by clear and convincing evidence, that the defendant is not likely to flee or pose a danger to any other person or the community. Then, if exceptional circumstances exist, the defendant may be released upon conditions.

11. **Breach:** If the defendant breaches the terms of this agreement, or commits any new criminal offenses between signing this agreement and sentencing, the U.S. Attorney's Office is relieved of its obligations under this agreement, but the defendant may not withdraw the guilty plea.

12. **Entire Agreement:** Any statements or representations made by the United States, the defendant, or defense counsel prior to the full execution of this plea agreement are superseded by this plea agreement. No promises or representations have been made by the United States except as set forth in writing in this plea agreement. This plea agreement constitutes the entire agreement between the parties. Any term or condition that is not expressly stated as part of this plea agreement is not to be considered part of the agreement.

KURT G. ALME
United States Attorney

*Lori Suell*

LORI HARPER SUEK
Assistant U. S. Attorney
Date: 3/9/18

*[signature]*

JONARY DAVID SANTOS-ANTUNEZ
Defendant
Date: 3/9/18

*[signature]*

PALMER A. HOOVESTAL
Defense Counsel
Date: 3/9/18